UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **THONEPHET KHIEMDAVANH** | **CASE NO. 6:24-CV-00194** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **FIRST HORIZON CORP ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's Motion to Amend and Substitute Party (Rec. Doc. 32)[1] and related Motion to Remand (Rec. Doc. 12). Defendants, First Horizon Corp. and The Phoenix Insurance Company, opposed the motions (Rec. Doc. 13 and 20 respectively), and Plaintiff replied (Rec. Doc. 30). The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court grants Plaintiff's Motion to Amend and Motion to Remand.

---

[1] Although a Notice of Motion Setting [33] was issued by the Clerk of Court regarding this motion, the motion has been fully briefed by all parties. The motion was originally filed at Record Document 11 but was resubmitted following this Court's Order that plaintiff re-file the motion with supporting memorandum and proposed amended complaint filed separate documents. The substance of the motion remains unchanged and has been addressed by Record Documents 13, 20 and 30. Accordingly, this matter is ripe and the Notice of Motion Setting [33] is VACATED.

## Facts and Procedural History

Plaintiff filed this suit in April 2023 in state court to recover for alleged injuries sustained in a trip and fall accident at a First Horizon Bank. Defendants, First Horizon and its insurer, removed the case on the grounds of diversity at 1:53 p.m. on February 7, 2024 (Rec. Doc. 1). Hours later, Plaintiff filed in state court an ex parte motion to substitute party to name a non-diverse defendant (Rec. Doc. 11, p. 44-46), but the state court was divested of jurisdiction by virtue of Defendants' earlier removal.

Plaintiff now seeks leave from this Court to amend the suit to substitute the previously named fictious defendant, XYZ Company, for HGI LLC, the Louisiana company allegedly responsible for maintenance at the First Horizon bank. Because HGI is a non-diverse defendant, Plaintiff also moves for remand. Defendants oppose the motions on the grounds that Plaintiff was dilatory in naming HGI as a defendant, when she was in possession of the maintenance contract identifying HGI by September 8, 2023, yet she did not seek to amend until nearly five months later, and hours after Defendants had removed the case.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural

mechanism by which a party may remove a matter from state court to a federal district court. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). Plaintiff does not challenge that the existing parties are diverse or the amount in controversy requirement. Rather, Plaintiff seeks to amend the complaint to add HGI, a Louisiana company that would destroy diversity and thus federal court jurisdiction.

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." However, in removed cases, a district court has discretion to either grant or deny the amendment of a complaint when subject-matter jurisdiction is based on diversity, and the plaintiff seeks to amend the complaint to add a nondiverse party. 28 U.S.C. § 1447(e); *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, *2 (E.D. La. 2005) (citing *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997)). See also *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001). Thus, when faced with a motion to amend a complaint to add a nondiverse defendant in a removed case, federal courts

3

must scrutinize the proposed amendment more closely than other proposed amendments. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Deciding whether to permit an amendment that would destroy the court's subject-matter jurisdiction requires a balancing of the diverse defendant's interest in retaining the federal forum with the plaintiff's competing interests. *Id*. In such a situation, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision of whether to deny joinder or permit joinder and remand is within the discretion of the district court. *Hensgens*, 833 F.2d at 1182.

In *Hensgens v. Deere & Co.*, the Fifth Circuit identified four factors that should be considered in deciding whether to permit a diversity-destroying amendment: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities. *Id*. The Court will address each factor in turn.

1. **<u>Whether the purpose of the amendment is to defeat federal jurisdiction.</u>**

In analyzing the first *Hensgens* factor, courts consider whether the plaintiff knew the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the nondiverse

defendant. See, e.g., *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012), *report and recommendations adopted*, 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016). A plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. See *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Allen v. Walmart Stores, L.L.C.,* 907 F.3d 170, 186 (5th Cir. 2018). However, the plaintiff's knowledge of the nondiverse defendant's identity upon initially filing suit in state court, yet failure to name him as a defendant at that time, suggests that the motion to amend was intended to frustrate diversity jurisdiction. See *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 889 (S.D. Texas 2010) (collecting cases).

Plaintiff named a fictitious company, XYZ Corporation, in her original state court suit; however, she did not allege any facts regarding XYZ's liability, such as that XYZ was a maintenance company or whether XYZ breached any duty. Thereafter, through discovery, Plaintiff identified HGI as First Horizon's maintenance contractor. Though the parties both filed motions to compel in state court (neither of which were adjudicated), and though Plaintiff issued a subpoena duces tecum to First Horizon for applicable maintenance contracts on August 18, 2023 (Rec. Doc. 11, p. 36), the record indicates that Defendants produced the contract identifying HGI in response to discovery on September 8, 2023 (Rec. Doc.

5

13-1). Yet, Plaintiff did not seek to amend the suit to add HGI until only hours after Defendants removed the case, nearly five months after Defendants identified HGI as the maintenance contractor.

Defendants argue Plaintiff does not have a viable claim against HGI. Plaintiff alleges that she tripped and fell on a protruding metal plate on the sidewalk outside the bank. (Rec. Doc. 16). Defendants argue the maintenance contract between First Horizon and HGI does not impose an obligation to replace or repair the sidewalk or drain cover at issue. The Court disagrees. The contract's Scope of Work incorporates a general checklist which requires the contractor to "[p]roactively inspect interior and exterior of building for major issues and report any deficiencies to the Property Manager," and to "[i]nspect for and identify safety problems." (Rec. Doc. 13-2, p. 16). Thus, the contract conceivably encompasses a duty to inspect the sidewalk and drain covers. Considering Plaintiff's initial naming of XYZ Company as a placeholder, Plaintiff's subsequent identification of the maintenance contractor through discovery, and the existence of a viable claim against the non-diverse contractor, the Court finds that the purpose of the amendment is not to defeat diversity, despite Plaintiff's failure to immediately move to amend upon receipt of the maintenance contract identifying HGI.

2. **<u>Whether plaintiff was dilatory in requesting the amendment.</u>**

In analyzing the second *Hensgens* factor, courts often examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as well as the amount of time between removal of the case to federal court and the filing of the motion to amend. *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016). In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity beyond the pleading stage has occurred. *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

Under these circumstances, the Court considers this factor somewhat neutral. See e.g. *Agyei v. Endurance Power Prod., Inc.,* 198 F. Supp. 3d 764, 776–77 (S.D. Tex. 2016), listing cases finding delays of five to six months not dilatory and finding that no pretrial or trial dates had been scheduled or significant activity beyond the pleadings stage. Although the Court agrees that Plaintiff could have moved to amend much sooner, the Court nevertheless finds that the delay does not significantly prejudice any party. No trial or deadlines have been set. Though Defendants quickly filed a motion for summary judgment on liability, Defendants may easily re-file the same motion in state court upon remand.

### 3. **Whether the plaintiff will be significantly injured if the amendment is not allowed.**

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (citation omitted). Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5. Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor. *Porter v. Times Group*, No. 16-121-JJB-RLC, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

Defendants contend Plaintiff has no viable claim against the maintenance contractor yet, should the matter proceed to trial, Defendants will likely seek to deflect liability based upon the fault of another. (See Defendants' answer to Plaintiff's petition at Rec. Doc. 1-2, p. 49, ¶6, asserting third-party liability as an affirmative defense.) The maintenance contractor is an obvious "empty chair," and thus denying Plaintiff's motion to amend could significantly injure Plaintiff if the trier of fact were to find that the non-party maintenance contractor was responsible. This factor weighs in favor of amendment and ultimately remand.

8

Under the fourth factor of the *Hensgens* analysis, the Court appreciates no other factors weighing on equity that either precludes or justifies amendment. Accordingly, the Court finds that Plaintiff may amend to add HGI as a non-diverse defendant, thus destroying jurisdiction. The Court recommends that Plaintiff's Motion to Amend (Rec. Doc. 32) and Motion to Remand (Rec. Doc. 12) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 6th day of May, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE